UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA,

                                                         Case No.: 1:04-cr-10299-PBS-30

v.

GENE ANDERSON, et al,
       Defendants.

DEFENDANT GENE ANDERSON'S MOTION
(WITH MEMORANDUM OF LAW) FOR
<u>POST-CONVICTION RELEASE AND VOLUNTARY SURRENDER</u>

Defendant, Gene Anderson, requests an order permitting post-conviction release and self- reporting to his BOP-designated institution pending the imposition of his sentence. Mr. Anderson is statutorily eligible for post-conviction release and the circumstances described herein warrant self-reporting.

      1.      Mr. Anderson has been on release for nearly two years and there have been no violations. Mr. Anderson has remained drug-free and has been allowed to take trips out of state to care for his minor daughter while the mother has traveled. This 36 year-old defendant has worked and discharged family responsibilities while on release. There has been no contact with law enforcement. His residence in Lynn, Massachusetts has remained unchanged.

      2.      Mr. Anderson's release is not prohibited by 18 USC §§3143(a)(2) and 3142(f)(1)(A)-(D), discussed, *infra*. On July 7, 2006, Mr. Anderson plead guilty to an information containing one "phone count", a violation of 21 USC §843(b), The maximum penalty for this offense is four years' incarceration and one year of supervised release. Mr. Anderson has only prior conviction, a 1993

1

94C conviction now of considerable age. ESCR1990-CR-017393.

      3.      This Court should order Mr. Anderson's post-conviction release pending the imposition of his sentence on a finding "by clear and convincing evidence that the person [Mr. Anderson] is not likely to flee or pose a danger to any other person or the community". 18 USC §3143(a)(1). Mr. Anderson's excellent pre-trial record and unique individual circumstances warrant such a finding. Section 3143(a)(2) requires post-conviction detention for those same crimes where pre-conviction detention is supported by the rebuttable presumption in favor of detention under 3142(f) unless there is no sentence of imprisonment or the defendant is likely to prevail post-conviction and shows favorable clear and convincing evidence on flight and danger. Section 3143(a)(2) refers out to §3142(f). 18 USC §3143 provides in relevant part as follows:

> (a) Release or Detention Pending Sentence. - (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be **detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).**
>
> **(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained** unless -
>   (A)(i) the judicial officer finds there is a substantial likelihood that **a motion for acquittal or new trial will be granted**; or

      (ii) an attorney for the Government has recommended **that no sentence of imprisonment be imposed** on the person; **and**
      (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 USC §3143(a).

4.    The general authority of this Court to order release or detention extends to either the imposition or execution of sentence, indicating that a stay during the self-reporting period is authorized. As Section 3141 (b) provides:

> A judicial officer of a court of original jurisdiction over an offense, or a judicial officer of a Federal appellate court, shall order that**, pending imposition or execution of sentence, or pending appeal of conviction or sentence**, a person be released or detained under this chapter.

5.    Counsel finds no guidance in the case law concerning self-reporting to a BOP facility for the service of a term of imprisonment. A search from 1987 to present in the First, Second and Seventh Circuits yielded two cases mentioning the term (it had been ordered) but offering no comment on the procedure. See, *United States v. Patrick V.*, 359 F.3d 3 (1 Cir. 2004)(a juvenile) and *United States v. Gilleylen*, No. 95-2819 (7 Cir. April 8, 1996) (mentioning defendant's failure to self-surrender in violation of 18 USC §3146(a). Otherwise, 18 USC §3146(a) punishes the failure to self-surrender as ordered. Counsel called the BOP in Washington to determine whether there are any policy statements concerning self-surrender (none being listed on the website). According to the Office of Counsel, the BOP does not produce an official policy statement in this regard.

6.    Self-surrender would be helpful in Mr. Anderson's designation to

the RDAP. The "voluntary surrender" point classification credit may allow Mr. Anderson earlier designation to an RDAP facility. As the relevant BOP policy statement provides:

> 5. **VOLUNTARY SURRENDER**
>
> This item allows for the subtraction of three points from the Security Point Total, Item 15, when the Judgment indicates the inmate was allowed to voluntarily surrender. For purposes of this item, voluntary surrender means the inmate was not escorted by a law enforcement officer to either the U.S. Marshals Office or the place of confinement. Additionally, this item applies only to post-sentencing voluntary surrender, and does not include cases where the inmate surrendered to the U.S. Marshals on the same day as sentencing….

Inmate Security Designation and Custody Classification Program Statement P5100.8 (September 12, 2006), Ch. 4, p. 5.

Dated this 6th day of February, 2007 at Boston, Massachusetts

>  Respectfully submitted,
>  GENE ANDERSON
>  By his Attorney:
>
>  /s/ *Kevin L. Barron*
>  KEVIN L BARRON BBO550712
>  Attorney for GENE ANDERSON
>  25 CAHNNEL CNTR ST 408
>  BOSTON MA 02210-3416
>  Tel No. 617-737-1555
>  Mobile  617-407-6837
>  Fax     617-517-7711

CERTIFICATE OF SERVICE
Counsel certifies that he has, this February 6, 2007, caused a true copy of this motion to be served on AUSA Neil Gallagher, Esq., through the CM/ECF of this District and that no party requires service by other means.

4

5

/s./ *Kevin L. Barron*
Kevin Lawrence Barron BBO550712